**ORIGINAL**

FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

SEP 09 2011

JAMES N. HATTEN, Clerk
By: _____ Deputy Clerk

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF GEORGIA

ATLANTA DIVISION

| | |
|---|---|
| NICOLE MITCHELL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) CIVIL ACTION NO **1 11 CV-3039** |
| THE WEATHER CHANNEL, LLC, | ) |
| NBCUNIVERSAL MEDIA, LLC, | ) DEMAND FOR JURY TRIAL |
| BAIN CAPITAL, THE | ) |
| BLACKSTONE GROUP, L.P. and | ) |
| JOHN DOES 1-5, | ) |
| | ) |
| Defendants, | ) |

## COMPLAINT

COMES NOW Nicole Mitchell ("Plaintiff"), Plaintiff herein, and brings this

Complaint against Defendant for the violations of her rights under The Uniformed

Services Employment and Reemployment Rights Act of 1994 ("USERRA").

## JURISDICTION AND VENUE

1.

This action arises under the authority vested in this Court by virtue of 28

U.S.C. § 1331 and 38 U.S.C. § 4323 (b)(3).

2.

Venue is proper in this Court pursuant to 38 U.S.C. § 4323(c)(2).

1

3.

Defendant The Weather Channel, LLC ("TWC"), is a foreign for-profit corporation registered with the Georgia Secretary of State. It may be served with process through its registered agent, Gary K. Saidman at 300 Interstate North Pkwy. SE, Atlanta, Georgia, 30339.

4.

Defendant NBCUniversal Media, LLC ("NBC"), is a foreign for-profit corporation. It may be served with process at its place of business, located at 30 Rockefeller Plaza, New York, NY 10112.

5.

Defendant Bain Capital ("Bain") is a foreign for-profit corporation. It may be served with process at its place of business, located at 590 Madison Avenue, 42nd Floor, New York, New York 10022.

6.

Defendant The Blackstone Group, L.P. ("Blackstone") is a foreign for-profit corporation registered with the Georgia Secretary of State. It may be served with process through its registered agent, CT Corporation System, 1201 Peachtree Street, NE, Atlanta, Georgia 30361.

7.

Defendants John Does 1-5 are tortfeasors, joint and otherwise, whose identities are not yet known.

## FACTS

8.

The purpose of the USERRA is "to prohibit discrimination against persons because of their service in the uniformed services." 38 U.S.C.A. § 4301.

9.

Plaintiff Nicole Mitchell is a resident of Atlanta, Georgia. Plaintiff is a former employee of Defendants, and also serves as a Captain in the United States Air Force Reserve.

10.

Plaintiff was employed by Defendants as an On-Air Meteorologist to report on the weather and various weather-related events from July, 2004 to January, 2011.

11.

At no time while Plaintiff was employed by Defendants did she receive any unsatisfactory employment reviews. Plaintiff always received commendations and praise for her performances from her supervisors and received excellent

3

employment reviews.  Plaintiff also maintained a loyal fan base who watched TWC because of her position as an On-Air Meteorologist.

12.

At all times during her employment, Defendants were aware of Plaintiff's Military Service obligations, and in fact, relied on her knowledge and expertise gained through her Military Service in the performance of her duties, specifically as a member of the elite "Hurricane Hunters."

13.

However, after Defendant TWC was purchased by Defendants NBC, Bain and Blackstone, Plaintiff began to experience disparate treatment due to her military service in the United States Air Force Reserve.

14.

Plaintiff was informed by Defendants on numerous occasions that her weekend military service obligations were a burden to the Defendants.

15.

Plaintiff was repeatedly asked to work shifts that conflicted with her military service obligations, although Defendants were informed by Plaintiff in advance of any military service obligations, typically several months in advance.

16.

Defendants made explicit complaints or criticisms about the difficulty of working with Plaintiff's military service schedule. On numerous additional occasions Defendants were uncooperative, critical, or obviously displeased with Plaintiff's military service obligations, and generally created a hostile working environment for the Plaintiff.

17.

As an example, Plaintiff was asked to work a double shift on a Friday that conflicted with her previously scheduled military service obligation. After immediately pointing out that she could not cover the extra shift, she was informed in writing by the Defendants that: "Friday's schedule is not an issue up for debate. You are needed by The Weather Channel to serve in the capacity of your job."

18.

Defendants also intentionally charged Plaintiff vacation time for a military day off, despite her specific instruction that she wanted to take the day as an unpaid leave of absence.

19.

In Oct. 2008, after Defendant TWC was sold to Defendants NBC, Bain and Blackstone, NBC personnel met with Plaintiff. Many of the questions in the meeting concerned her military duty, including specific questions about how much

5

time off Plaintiff required, and how that could impact scheduling. Plaintiff was made to feel that her military service was a burden to the Defendants and that it negatively impacted her employment.

20.

On March 30, 2009 NBC News Vice President Elena Nachmanoff called Plaintiff while she was on assignment and told her she needed to be at work that Sunday, which was a previously scheduled military service weekend. Nachmanoff said she would accept no "excuses," because they were bringing in a "hair consultant" and every employee had to be there. Plaintiff explained that that particular weekend was a military service weekend and that she could not come in. Nachmanoff was perceptibly angry that Plaintiff could not come in.

21.

In June of 2009, Plaintiff was unable to attend a "mandatory" weekend for "makeup consultation" because it again fell on her previously scheduled military service weekend, of which the Defendants were aware.

22.

On June 22, 2009, shortly after the missed "makeup consultation," Plaintiff was removed from Defendants' flagship show "Your Weather Today," despite having been on that show for over 4 years, and having excellent reviews and feedback for her work. Plaintiff was placed on a much less prestigious show late at

6

night.  This rescheduling forced Plaintiff to take extra days of military leave because the new show conflicted with her military service weekends.  Plaintiff attempted to address this issue as soon as her schedule changed, but Defendants refused to give Plaintiff a schedule that facilitated her military service duties.

23.

In August, 2009 the harassment of Plaintiff by Defendants due to her military service continued.  Plaintiff received an email from Jessica Grothues, one of Defendants' managers, who insisted that Plaintiff copy Grothues on all future emails relating to scheduling.  Plaintiff was the only person on Defendants' staff that was required to copy Grothues on all scheduling emails.

24.

Additionally, because of standing orders given to Plaintiff by Military Public Affairs, she was unable to comply with Defendants' demand that she "web blog" about a hurricane hunter flight over the Gulf oil spill.  At the outset of her employment, Defendants received written guidelines from Military Public Affairs about what Plaintiff could and could not do with regard to commenting on military affairs while working for Defendants.  Defendants were displeased with Plaintiff's inability to comply with their demands due to the Military Public Affairs guidelines, and this negatively impacted her employment.

7

25.

Plaintiff had been given both mid-year and end-of-year reviews through the course of her employment with Defendants.  At no time during her employment did Plaintiff ever receive any unsatisfactory reviews.  On the contrary, Plaintiff consistently received "meets" or "meets plus" on all the outlined "expectations" in her mid-year and yearly reviews.

26.

On September 17, 2010, Plaintiff was called into her supervisor's office for her mid-year review.  Plaintiff, as she had every previous year, prepared for the review by working on the required "self-review" and write-up on accomplishments relating to her performance objectives to review with management.  When she arrived at the office, she was told that the meeting was not in fact for her mid-year review, but instead was informed that her employment contract was not going to be renewed by Defendants.  That meeting took place four days after Plaintiff returned from her two-week military service Annual Tour.

27.

When Defendants told Plaintiff about their decision to deny her re-employment, Defendants stated that the employment decision was a "business decision," not a performance issue.  After Plaintiff starting questioning the decision, Defendants offered inconsistent explanations for their decision, including

8

raising performance issues.  Defendants also failed to provide any documentation of the mid-year review scheduled for September 17, 2010.

28.

Defendants attempted to require Plaintiff to file a document waiving her rights to bring suit against Defendants after notifying her that they were not going to re-employ her.  Plaintiff refused to do so.

29.

After Plaintiff refused to sign away her legal rights, Defendants retaliated against her by again pulling her off her show and putting her on a weekend schedule, starting the week of November 29, 2010, which caused serious conflicts with her weekend military service obligations.

30.

As a result of Defendants' actions in violation of USERRA, Plaintiff was injured and continues to suffer damages.  Plaintiff continues to serve as a Captain in the United States Air Force Reserve as a member of the Hurricane Hunters.

## COUNT I

## VIOLATION OF USERRA

31.

The allegations set forth in Paragraphs 1 through 30 are incorporated by reference herein.

32.

At all times relevant to the events described herein, Plaintiff was a reserve member of the United States Air Force.

33.

The Uniformed Services Employment and Reemployment Rights Act of 1994 (USERRA), forbids an employer to deny "employment, reemployment, retention in employment, promotion, or any benefit of employment" based on a person's "membership" in or "obligation to perform service in a uniformed service," 38 U. S. C. §4311(a), and provides that liability is established "if the person's membership . . . is a motivating factor in the employer's action," §4311(c).

34.

Direct and circumstantial evidence exists to establish the discriminatory motivation or intent under USERRA by Defendants in refusing to renew Plaintiff's employment contract.

35.

Defendants relied upon, took into account, considered, or conditioned its employment decision on Plaintiff's military service.

36.

Material facts such as comments about Plaintiff's military service, statements about the "scheduling burden" of her military service obligations, and adverse scheduling and employment decisions demonstrate Defendants' discriminatory motive.

37.

Defendants' statements and actions leading to the employment decision, and subsequent contradictory explanations of that employment decision, demonstrate that Plaintiff's military service was a motivating factor in Defendants' decision.

38.

By being placed in an unfavorable schedule, and being denied re-employment, Plaintiff was denied a benefit of employment by Defendants on the basis of Plaintiff's membership in the armed services.

39.

At various times during her employment, Plaintiff experienced disparate treatment compared with other employees due to her military service obligations.

40.

Military status was a motivating factor in Plaintiff's unfavorable schedule change and the Defendants' decision not to re-employ the Plaintiff.

41.

As a result of Defendants' violations of USERRA, Plaintiff has suffered, and continues to suffer, damages.

42.

Defendants are liable for any and all damages incurred by Plaintiff for their violations of USERRA.

## COUNT II

## DAMAGES

43.

The allegations set forth in Paragraphs 1 through 42 are incorporated by reference herein.

44.

Plaintiff was denied the benefits of her employment by the Defendants due to her military service obligations in the United State Air Force Reserve.

45.

Plaintiff suffered a loss of reputation as a result of Defendants' actions in refusing to re-employ her due to her military service obligations.

46.

Plaintiff suffered lost wages and other benefits as a result of Defendants' actions in refusing to re-employ her due to her military service obligations.

12

47.

Plaintiff continues to suffer lost wages, loss of reputation, and loss of standing in her profession.

48.

As TWC constitutes the most prestigious market for On-Air Meteorologists in the United States, Plaintiff's discharge without cause and in violation of her USERRA rights has severely diminished Plaintiff's ability to work in the private sector as an On-Air Meteorologist.

WHEREFORE, Plaintiff respectfully prays that this Court:

A.     That Defendants be served with process and required to Answer this Complaint within the time allowed by law;

B.     That Plaintiff be awarded compensation for loss of wages, benefits and reputation suffered by reason of Defendants' failure to comply with the provisions of USERRA, plus pre-judgment interest pursuant to 38 U.S.C.A. §4323(d);

C.     That Plaintiff be awarded additional liquidated damages in the amount of her loss of wages and benefits pursuant to 38 U.S.C.A. §4323(d);

D.     That Plaintiff be awarded all reasonable attorney fees and other litigation expenses incurred in bringing this action pursuant to 38 U.S.C.A. §4323(h); and

E.      Such other and further relief as this Court deems just and proper.

A JURY TRIAL IS REQUESTED.

This _9th_ day of September, 2011.


                                    LoRusso Law Firm, P.C.


                                    _Rebecca Sample_
                                    Lance J. LoRusso
                                    Georgia Bar No. 458023
                                    Rebecca L. Sample
                                    Georgia Bar No. 311079

1827 Powers Ferry Road
Building 8, Suite 200
Atlanta, Georgia   30339
770-644-2378
770-644-2379 (f)
lance@lorussolawfirm.com
rebecca@lorussolawfirm.com


                                    L. Lynn Hogue
                                    _L. Lynn Hogue / by RLS_
                                    Georgia Bar No. 360037
                                    (By Rebecca L. Sample with express permission)
Georgia State University College of Law
140 Decatur Street Room 454
PO Box 4037
Atlanta, GA 30302-4037
(404) 413-9176
(404) 413-9225 (f)
lhogue@gsu.edu

THIS DOCUMENT APPEARS IN TIMES NEW ROMAN 14 POINT FONT

14